ARDASHESS HAMPAR, Appellant, v. YERVANT HAMPAR et al., Respondents.— In an action by one co-owner of an eight-grave burial plot against his co-owners to have assigned to him two graves for the use of plaintiff in accordance with an alleged oral agreement made between the parties at the time of the purchase thereof, the amended complaint was dismissed after trial on the ground that the alleged agreement was one for the assignment of an easement in real property and, therefore, was required to be in writing (Real Property Law, § 242). Judgment reversed on the law and new trial granted, with costs to appellant to abide the event. Plaintiff's attorney expressly disclaimed any intention to partition the plot, despite the fact that the summons is entitled "Action for Partition". While the amended complaint does ask that graves 1 and 5 "be assigned and transferred to the plaintiff to be his sole and exclusive property", in this action in equity the relief may be moulded to meet the circumstances of the case. Actually, plaintiff seeks an adjudication as to the use to be made of a part of the plot. In our opinion, the alleged oral agreement was merely one to require defendants to designate graves 1 and 5 for the interment of plaintiff and his family under subdivisions 7 and 9 of present section 84 of the Membership Corporations Law, which is not an assignment or surrender of an easement and, therefore, is not within the Statute of Frauds. Schmidt, Beldock and Murphy, JJ., concur; Nolan, P. J., and Wenzel, J., dissent and vote to affirm.